FON YA, a.k.a. Ya Fon Zhou, a.k.a. Ya–Feng Zhou, a.k.a. Fon Ta, Petitioner,

v.

Michael B. MUKASEY, Attorney General, United States Department of Justice,[1] Respondents.

No. 07–3242–ag.

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Daniel B. Lundy, Barst & Mukamal, LLP, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Greg D. Mack, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

Present ROSEMARY S. POOLER, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Fon Ya,[2] a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Brigitte La-Forest, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fon Ya,* No. A77 769 528 (B.I.A. June 29, 2007), *aff'g* No. A77 769 528 (Immig. Ct. N.Y. City Sept. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, while Ya filed a motion before the BIA alleging that remand was warranted because she violated the family planning policy by having one child in China and two children in the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

2. Petitioner asserts that her true name is Ya–Feng Zhuo and that "Fon Ya" is an alias erroneously listed by the BIA. However, because the BIA decision refers to "Fon Ya," this order will also refer to petitioner as such.

United States, her brief to this Court does not challenge the denial of that motion. Because issues not sufficiently argued in a party's briefs are considered waived, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Moreover, as the Government argues, Ya failed to exhaust her challenge to the IJ's denial of her motion for an adjournment. Issue exhaustion is a mandatory requirement, and we must decline to consider an issue if the Government points out the petitioner's failure to exhaust an issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007). Because Ya failed to raise any argument in her appeal to the BIA regarding her motion to adjourn, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *Id.* at 124.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We conclude that substantial evidence supports the IJ's determination that Ya was not credible, as it was reasonably based on Ya's admission that she lied at her airport and credible fear interviews. Indeed, during cross-examination, the Government attorney pointed out that while Ya testified that she was forced to submit to an abortion, she did not mention that claim at either interview. Furthermore, Ya admitted that she told the immigration officer at her credible fear interview that the family planning authorities had come to her home to force her to submit to a sterilization procedure, but that such assertion was not true.

Ya argues that the IJ improperly relied on her airport and credible fear interview statements because they did not bear "sufficient indicia of reliability." This argument is misplaced. Ordinarily, before relying on discrepancies based on the record of an airport or credible fear interview, we closely examine those records to ensure that they are sufficiently accurate representations of the applicant's statements to merit consideration in determining whether the applicant was credible. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Here, however, we need not conduct such an examination because Ya admits that she lied during both interviews. Ya contends that she lied because the "snakehead" told her to do so. Contrary to Ya's arguments, this was not an explanation that the IJ was required to credit, because a reasonable fact-finder would not have been compelled to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

As the BIA found, Ya provided "dramatically different" accounts of her experiences in China. These discrepancies were substantial and go to the heart of Ya's claims for asylum, because her failure to assert at her airport and credible fear interviews that she was forced to submit to an abortion casts doubt on the entirety of her claim that she was persecuted under China's family planning policy. *See Ramsameachire,* 357 F.3d at 180–81; *see also*

*Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398–99 (2d Cir.2005). Accordingly, those discrepancies provide substantial evidence for the IJ's adverse credibility determination.

Because the only evidence of a threat to Ya's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate that the IJ did not find to be credible. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.